UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ANTOINE PLESSY,

     Plaintiff,

vs.

LIFE INSURANCE COMPANY OF
NORTH AMERICA,

     Defendant.

_____ )

     The Plaintiff, ANTOINE PLESSY ("PLESSY"), by and through the undersigned counsel, hereby sues Life Insurance of Company of North America ("LINA") and alleges:

## PRELIMINARY ALLEGATIONS

     1.    "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under and employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, prejudgment and postjudment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

     2.    PLESSY was at all times relevant a plan participant under the Yum Restaurant Services Group, Inc., Long Term Disability Plan, Group Policy FLK-980071

("LTD" Plan).[1]

3.      Defendant, LINA, is a Corporation with its principal place of business in the State of Pennsylvania, authorized to transact and transacting business in the Southern District of Florida. LINA is the insurer of benefits under the Yum Restaurant Services, Group. Inc. LTD Plan and acted in the capacity of a plan administrator. As the decision maker and payor of plan benefits, LINA administered the claim with a conflict of interest and the bias this created affected the claims determination.

4.      The LINA LTD Plan is an employee welfare benefit plans regulated by ERISA, established by Yum Restaurant Services Group, Inc. under which PLESSY was a participant, and pursuant to which PLESSY is entitled to Long Term Disability benefits ("LTD benefits"). Pursuant to the terms and conditions of the LTD Plan, PLESSY is entitled to LTD benefits for the duration of the Plaintiff's disability, for so long as PLESSY remains disabled as required under the terms and conditions of the LTD plan.

5.      Venue is proper in this district under 29 USC 1132 (e)(2), in that defendant, LINA, is authorized to and is doing business within the Southern District of Florida; and that the final denial of benefits occurred within this Court's jurisdiction.

### CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

6.      PLESSY incorporates by reference all preceding paragraphs as though fully set forth herein.

7.      At all times relevant, PLESSY was an employee or former employee of Yum Restaurant Services Group, Inc. and a plan participant under the terms and

---

[1] A copy of the LTD Plan is attached hereto as Exhibit "A."

conditions of the LTD Plan.

8.      During the course of PLESSY's employment, PLESSY became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while PLESSY was covered under the LTD Plan PLESSY suffered a disability, as a result of Sickness the nature of which due to privacy is detailed within the administrative record, rendering him disabled as defined under the terms of the LTD Plan.

9.      As it relates to PLESSY's current claim for benefits, Disability is defined to mean that solely due to Injury or Sickness, he or she is (1) unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and (2) unable to earn 80% or more of his or her Indexed Earnings.

10.     Pursuant to the terms of the LTD Plan, PLESSY made a claim to LINA for LTD benefits under the LTD Plan with an effective date of disability of March 14, 2012.

11.     Following the Elimination Period, LINA approved PLESSY's claim for long term disability benefits with an effective date of September 12, 2012.

12.     LINA continued to issue LTD Benefits to PLESSY under the own occupation definition of disability.

13.     On or about September 12, 2014, the definition of disability changed to the much more strict Any Occupation definition as indicated above.

14.     On March 7, 2014, LINA notified PLESSY that he would no longer be eligible for continued LTD Benefits beyond September 11, 2014 as LINA had determined that there was insufficient evidence of restrictions and limitations to support PLESSY's inability to perform the duties of any occupation as defined by the policy.

15.     PLESSY properly appealed this adverse termination of his claim for benefits on April 29, 2014.

16.     On November 6, 2014, LINA affirmed its adverse determination and advised PLESSY of right to a voluntary appeal.

17.     PLESSY submitted another appeal to LINA on May 8, 2015.

18.     On or about June 1, 2015, LINA issued a final denial of benefits.

19.     PLESSY has complied with the filing of his mandatory administrative appeal.

20.     LINA breached the LTD Plan and violated ERISA in the following respects:

   a.  Failing to pay LTD benefits to PLESSY at a time when LINA and the LTD Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as PLESSY was disabled and unable to work and therefore entitled to benefits.

   b.  After PLESSY's claim was denied in whole or in part, LINA failed to adequately describe to PLESSY any additional material or information necessary for PLESSY to perfect his claim along with an explanation of why such material is or was necessary.

   c.  LINA failed to properly and adequately investigate the merits of PLESSY's disability claim and failed to provide a full and fair review of PLESSY's claim.

21.  PLESSY believes and alleges that LINA wrongfully denied his claim for LTD benefits under the LTD Plan, by other acts or omissions of which PLESSY is presently unaware, but which may be discovered in this future litigation and which PLESSY will

immediately make LINA aware of once said acts or omissions are discovered by PLESSY.

22.     As a proximate result of the aforementioned wrongful conduct of LINA under the LTD Plan, PLESSY has damages for loss of disability benefits in a total sum to be shown at the time of trial.

23.     As a further direct and proximate result of this improper determination regarding PLESSY's claims for benefits, PLESSY, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), PLESSY is entitled to have such fees and costs paid by LINA.

24.     The wrongful conduct of LINA has created uncertainty where none should exist; therefore, PLESSY is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the LTD Plan.

## <u>REQUEST FOR RELIEF</u>

WHEREFORE, ANTOINE PLESSY prays for relief against Life Insurance Company of North America as follows:

1.     Payment of disability benefits due Plaintiff;

2.     An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3.     In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4.     Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees

incurred in pursuing this action;

      5.    Payment of prejudgment and post judgment interest as allowed for under ERISA; and

      6.    Such other and further relief as this Court deems just and proper.

DATED: July 22, 2015

ATTORNEYS DELL AND SCHAEFER,
CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL  33020
Phone: (954) 620-8300
Fax: (954) 922-6864

S/ *Rachel Alters*

RACHEL ALTERS, ESQUIRE
Florida Bar No: 106232
Email: rachel@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No: 299560
Email: gdell@diattorney.com